## Thompson v. Thompson

*George B. Stuart,* for plaintiff.

*J. Boyd Landis,* for defendant.

SHUGHART, P. J., August 22, 1949. — The above-captioned matter is an action in divorce instituted by plaintiff husband against his wife, defendant. The complaint was filed on June 28, 1948, and service thereof had upon defendant by registered mail in Washington, D. C., as provided by the Pennsylvania Rules of Civil Procedure, the return receipt being dated June 29, 1948. Subsequently, on August 3, 1948, defendant filed a petition for alimony pendente lite and counsel fees to which an answer was filed on August 18, 1948.

On May 5, 1949, by præcipe to the prothonotary, defendant's counsel directed the issuance of a rule for a commission to be issued, 10 days after notice to a notary public in Washington, D. C., to take interrogatories and cross-interrogatories on the rule for counsel fees and alimony pendente lite, the præcipe having attached thereto the interrogatories and stating that the action was taken pursuant to local rule of court 127. On May 10, 1949, on motion of counsel for plaintiff, a rule was issued to show cause why the rule to issue a commission should not be stricken off. This is the matter now before the court for disposition.

Pa. R. C. P. 1132 provides that the allowance of alimony pendente lite and counsel fees shall be determined upon petition and answer and "If an issue of fact is raised, the court shall take evidence by depositions or otherwise."

Rule 47 of our local rules provides as follows: "On motions or rules to show cause, the testimony of witnesses, if necessary, shall be taken by depositions in writing on five days' notice to the opposite party or his counsel; and no witness shall be examined at bar, unless by special order of the court." Rule 135 provides that a rule to show cause shall be considered as embracing a rule to take depositions upon five days' notice. The provisions of this latter rule conform to the general procedure in such cases: Netter & Co. v. Hosch, 1 Pa. C. C. 452; Llewellyn v. Levy, 33 W. N. C. 310.

Rule 127 of the local rules, which defendant's counsel refers to on the præcipe, provides inter alia as follows: "A rule to take depositions of ancient, infirm and going witnesses who reside within the Commonwealth to be read in evidence upon trial is of course, and may be entered by either party in the Prothonotary's office . . . So of a rule for a commission to any of the United States or the territories thereof, or letters rogatory; but in these cases interrogatories must be filed . . ."

Before proceeding further with this discussion, it appears advisable to consider the meaning of the word "deposition". The following statement appears in 4 Standard Pa. Practice 508:

"Deposition, in its broad sense, is testimony taken in advance of trial for use upon such trial, and includes testimony taken either before a notary public or other person authorized to administer oaths upon oral examination and cross-examination, or by commission upon written interrogatories and cross interrogatories, and may even include testimony taken on letters rogatory. In referring to the methods of taking such testimony, the taking by deposition is often used in the narrower sense to indicate a taking upon oral examination before some officer empowered to administer oaths, in contrast to the method of taking by commission upon

written interrogatories and cross interrogatories or upon letters rogatory. *In the Pennsylvania statutes and decisions there is a tendency, in referring to the taking of depositions, to use the term in its narrower sense.*" (Italics supplied.)

That the rules of this court employ the word "depositions" in the narrower sense is evident from the provisions of rule 127, supra, which, after discussing the taking of depositions, continues as follows: "So of a rule for a commission . . . or letters rogatory . . ."

Rule 47, supra, applying to motions and rules employs the word "depositions" alone. If this word is construed in the narrower sense it would exclude taking testimony by issuance of a commission as employed here. The procedure for taking "depositions" outside the State is covered by local rule 129. This rule provides that "testimony of witnesses who reside without the Commonwealth may also be taken upon a rule entered in like manner as rules are entered for taking the testimony of witnesses who reside within the Commonwealth under rule 127, provided *permission be given by the Court*, or a judge thereof, *upon cause shown*, subject to the provisions and regulations prescribed by the Acts of Assembly governing the same." (Italics supplied.) This rule was obviously predicated upon the Act of June 25 1895, P. L. 279, 28 PS §6 et seq., which applied to "The testimony of witnesses to be read in evidence upon the trial or hearing of any cause or matter pending . . ."

Our decision need not depend, however, upon the placing of the narrower construction of the word "depositions" as used in rule 47. If the word "depositions" were given its broader construction, then the interpretation placed on the rule would be similar to the wording of local rule 127, supra, which applies to taking of testimony to be read at the trial.

Rule 127 is substantially the same as rule 75 of the Municipal Court of Philadelphia and rule 106 of the Courts of Common Pleas of Philadelphia. In the case of Glaser v. Philadelphia Transportation Co., 42 D. & C. 582, 584, Judge Winnet, speaking of the Municipal Court rule, said:

"Although Rule 75 allows a party to enter a rule as of course, nevertheless, it must be evident that the right to take testimony of witnesses outside of the State must be subject to the discretion of the Court. Drummond v. Parrish et al., 23 D. & C. 594 (1935) so interpreted the identical rule of the courts of common pleas. A party should be permitted at all times to protest the issuance of such a commission and a court should then determine whether the credibility of the witness is so much at stake that his absence (so that he might be seen and judged by the Court and Jury) and lack of an opportunity of full cross-examination will affect the issue to be tried."

In the Glaser case a rule to issue a commission to take the testimony of plaintiff and his wife in California in a negligence case was discharged.

Although rule 127 provides for the issuance of a rule as of course, we feel that the right to take testimony of witnesses outside the State is subject to the discretion of the court when the procedure is attacked by a rule to strike off the issuance of the commission as here employed.

There is little doubt that the taking of testimony by issuance of a commission was originally governed by different circumstances when accepted modes of travel were far different from those of this age of supersonic speed and vastly improved means of travel. What circumstances might have warranted the issuance of a commission in 1927 when the rules of court were adopted might not warrant such issuance today. Defendant here resides in Washington, D. C., a matter

of 100 miles or approximately 3½ hours travel time from the county seat here at Carlisle. The brief of defendant's counsel states that defendant is physically handicapped but concedes that the extent of her handicap is in dispute. The brief does not indicate that her handicap is of such nature as to render it impossible or inconvenient to come to this jurisdiction to testify.

It has been said that our courts do not look favorably upon evidence being taken before a commission when it can as conveniently be taken before a master, with cross-examination: Gordon v. Todd, 16 W. N. C. 35. "The oral examination of witnesses is certainly more satisfactory than examination upon written interrogatories": Carter v. The Producers' Oil Co., Ltd., 5 Dist. R. 640. The unsatisfactory nature of examination by interrogatories and cross-interrogatories was pointed out in Garrett's Estate, 335 Pa. 287. In that case, speaking relative to letters rogatory at page 298 it was said:

"Appellees desire oral cross-examination. It is not a sufficient answer to this demand to say that written cross-interrogatories may be filed. It is common experience that answers in oral cross-examination and the manner in which they are given, suggests other questions; that such lines of inquiry cannot be anticipated, and that frequently the discovery of truth is dependent on the exercise of the right immediately to pursue the examination."

It is true as pointed out by counsel for defendant that in the proceedings at bar all the testimony will be taken in the form of depositions. There is, however, as pointed out above, a vast difference between those taken by depositions where there is an opportunity to cross-examine and those taken by a commissioner by the submission of interrogatories and cross-interrogatories. Although the latter have their place, they should not be employed where the former procedure

is almost equally feasible and practical. A careful consideration of the matter before us leads us to the conclusion that the advantages of oral depositions with the right of cross-examination outweigh the disadvantages to defendant in being forced to come here for that purpose.

In view of the foregoing, it is unnecessary to discuss any of the other reasons assigned in support of plaintiff's motion.

And now, August 22, 1949, the rule to strike off the commission to take interrogatories is made absolute.